IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jorge-Rojas Olivera #26639-009, | C/A No.: 1:18-2258-JFA-SVH |
| Petitioner, | |
| vs. | **ORDER** |
| Warden of FCI Edgefield, | |
| Respondent. | |

## I. INTRODUCTION

Jorge-Rojas Olivera, (Petitioner), proceeding *pro se*, is an inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, in the custody of the Federal Bureau of Prisons. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this case without prejudice and without requiring Respondent to file an answer. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 27, 2018. (ECF No. 7). Petitioner filed timely objections to the Report ("Objections") on September 4, 2018. (ECF No. 10). Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, on September 7, 2012, Petitioner entered a guilty plea to conspiracy to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine. On February 5, 2013, the district court sentenced Petitioner to 420 months' imprisonment. Thereafter, Petitioner filed an appeal challenging his sentence and conviction, which was denied by the Eighth Circuit on April 29, 2014. On February 13, 2015, Petitioner filed a § 2255 motion, which the district court denied. Petitioner then filed this § 2241 petition. (ECF No. 1).

II. **DISCUSSION**

In his § 2241 Petition, Petitioner alleges he is serving an illegal sentence. Petitioner cites to *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) and argues that settled substantive law has changed

such that the dismissed counts of his indictment may no longer be used to enhance his sentence. (ECF No. 1). Petitioner seeks resentencing.

Petitioner claims *Nelson* changed settled substantive law by holding that only facts arising out of a conviction can be considered during sentencing. Petitioner argues that *Nelson* overruled *United States v. Watts*, 519 U.S. 148 (1997), which held that a sentencing court may consider acquitted conduct in calculating a sentence as long as the conduct has been proven by a preponderance of the evidence. Petitioner claims *Nelson* now prevents courts from considering dismissed or uncharged crimes at sentencing.

The Magistrate Judge opines that the court lacks jurisdiction to consider the instant § 2241 petition because Petitioner cannot show that 28 U.S.C. § 2255 is inadequate to test the legality of his sentence thereby allowing Petitioner to file a 28 U.S.C. § 2241 petition under *United States v. Wheeler*. (ECF No. 7). Petitioner attempts to object to the Report (ECF No. 10); however, Petitioner mainly repeats his assertions from his Petition. (ECF No. 1). In light most favorable to Petitioner, he objects to the Magistrate Judge's Report by stating:

> Petitioner will object to the report and recommendation on page 5 where the Magistrate Judge states that petitioner has not cited to any language in Nelson that directly or implicitly challenges the holding in Watts.
>
> Petitioner will object to the report and recommendation on page 6 where the Magistrate Judge states that petitioner has failed to show that Nelson has been made retroactive to cases on collateral review.

(ECF No. 10). However, Petitioner's objections are without merit.

The Fourth Circuit Court of Appeals established a test for when a petitioner may meet the savings clause under § 2255 when he contests his sentence, not only his conviction. *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Section "2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme

Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429.

Here, the Magistrate Judge correctly opines that Petitioner does not meet the test under *Wheeler*. The Magistrate Judge states:

> The undersigned finds the court lacks jurisdiction to consider Petitioner's § 2241 petition, as he cannot show that § 2255 is inadequate to test the legality of his sentence. Although Petitioner relies on *Nelson* to support his claim that settled law has changed such that a district court may no longer use dismissed conduct to enhance a sentence, Petitioner's reliance on *Nelson* is misplaced.

(ECF No. 7 p. 5).

Petitioner's objection claiming he cited to language in *Nelson* directly or implicitly challenging the holding in *Watts* is without merit. As the Magistrate Judge points out, in *Nelson*, the Court concluded that a Colorado state law violated due process when it required defendants whose convictions had been reversed or vacated to additionally prove their innocence in a subsequent civil proceeding by clear and convincing evidence in order to obtain a refund of funds paid to the state, including restitution payments. *Nelson*, 137 S. Ct. 1249 at 1254–58. However, *Nelson* did not discuss relevant conduct at sentencing.

This Court agrees with other district court judges that have found *Nelson* did not overrule *Watts*. *Nelson* does not reference *Watts*, and further, the principles in *Nelson* do not overrule the principles in *Watts*. See for example, *Lewis v. Mosely*, No. CV 4:18-732-TMC-TER, 2018 WL 2422045, at *4 (D.S.C. May 9, 2018), *report and recommendation adopted*, No. CV 4:18-732-TMC, 2018 WL 2416913 (D.S.C. May 29, 2018) ("Under the second factor in the new savings

clause test established in *Wheeler*, Petitioner has not shown a settled substantive law change subsequent to his direct appeal and first § 2255 motion because *Nelson* did not overrule *Watts* and in the Fourth Circuit, acquitted conduct may still be used in sentence calculations.").

Additionally, *Wilborn v. Joyner* is persuasive. In that case, United States District Judge Norton for the District of South Carolina reasoned:

> Moreover, nowhere in Nelson does the Supreme Court discuss or even mention Watts. The court cannot find that the Supreme Court overruled itself when it did not explicitly do so. See United States v. Hatter, 532 U.S. 557, 567, 121 S.Ct. 1782, 149 L.Ed.2d 820 (2001) ("[I]t is [the Supreme Court]'s prerogative alone to overrule one of its precedents."). Moreover, many lower courts agree that Nelson does not overrule Watts. See United States v. Tegeler, 309 F.Supp.3d 728, 732 (D. Neb. 2018) ("Because Nelson obviously does not expressly invalidate Watts, this Court must follow Watts until the Supreme Court says otherwise."); Minor v. Coakley, 2018 U.S. Dist. LEXIS 173492, at *7, 2018 WL 4871131 (N.D.W. Va. Oct. 9, 2018) ("The magistrate judge is correct that the petitioner misinterprets the opinion[,] and his assertion that Nelson overrules United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), is misplaced."); Lewis v. Mosely, 2018 U.S. Dist. LEXIS 89955, at *8, 2018 WL 2422045 (D.S.C. May 9, 2018), adopted and incorporated by 2018 U.S. Dist. LEXIS 89021, 2018 WL 2416913 (D.S.C. May 29, 2018) ("There is no indication upon review of cases giving negative treatment to U.S. v. Watts that any case has overruled U.S. v. Watts, much less Nelson.

*Wilborn v. Joyner*, No. 0:18-CV-01565-DCN, 2018 WL 5839549, at *5 (D.S.C. Nov. 8, 2018).

Here, the Magistrate Judge correctly opines that Petitioner's reliance on *Nelson* is misplaced because *Nelson* did not discuss relevant conduct at sentencing, and Petitioner has not cited to any language in *Nelson* that directly or implicitly challenges the holding in *Watts*. Thus, Petitioner's first objection is without merit and is overruled.

The Magistrate Judge also correctly opines that Petitioner has also failed to show that *Nelson* has been made retroactive to cases on collateral review. In Petitioner's second objection, he argues that he has shown *Nelson* "is a new substantive rule that should be applied retroactive." (ECF No. 10 p. 5). As explained above, Petitioner has not shown that the settled substantive law changed and thus his second objection is without merit and is overruled.

In sum, as the Magistrate Judge correctly opines, Petitioner's § 2241 action is barred because he cannot demonstrate that the relief available to him under 28 U.S.C. § 2255 is inadequate or ineffective. The Magistrate Judge has properly reviewed the Petition under *Wheeler*, 886 F.3d 415 (4th Cir. 2018), and concludes that Petitioner does not satisfy the elements required under *Wheeler* to invoke the "savings clause" of § 2255(e). Thus, the present petition must be dismissed as this Court is without jurisdiction to entertain it.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation (ECF No. 7) fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 7). Rojas-Olivera's Petition is thus dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

April 11, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge